UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLASS SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Bankruptcy Adversary Proceeding |
| v. ) | No. 16-10027 |
| ) | |
| CARLOS ROBERTO ALLEN ) | |
| ) | |
| Defendant. ) | |
| ) | |
| CARLOS ROBERTO ALLEN, ) | |
| ) | |
| Appellant, ) | Civil Action No. 18-138 (RBW) |
| ) | |
| v. ) | Civil Action No. 18-1442 (RBW) |
| ) | |
| DOUGLASS SLOAN, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

On June 6, 2016, Douglass Sloan, a creditor of Carlos Roberto Allen, filed an adversary proceeding in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"), seeking to have the Bankruptcy Court treat Allen's debt obligation to him as nondischargable, or, alternatively, deny Allen a discharge of any of his debts sought by Allen from the Bankruptcy Court.[1] See Creditor Douglass Sloan's Complaint Objecting to Discharge of Debtor, Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027 (Bankr. D.D.C. June 6, 2016), ECF No. 1. On September 21, 2017, following a trial before the

---

[1] On January 20, 2016, Sloan filed a Chapter 13 voluntary bankruptcy petition in the Bankruptcy Court, which was voluntarily converted to a case under Chapter 7. See Voluntary Petition for Individuals Filing for Bankruptcy, In re Allen, Ch. 7 Case No. 16-23 (Bankr. D.D.C. Jan. 20, 2016), ECF No. 1; Notice of Conversion to Chapter 7, In re Allen, Ch. 7 Case No. 16-23 (Bankr. D.D.C. Feb. 29, 2016), ECF No. 32.

Bankruptcy Court, the Bankruptcy Court denied Allen a discharge pursuant to 11 U.S.C. § 727(a)(3) and 11 U.S.C. § 727(a)(4)(A) of any of his debt. See Sloan v. Allen (In re Allen), 572 B.R. 440 (Bankr. D.D.C. 2017). Allen subsequently filed two appeals, which were assigned to this Court as Civil Action Nos. 18-138 and 18-1442, respectively. Currently pending before the Court is Appellee's Unconsented Motion to Dismiss Appeal ("Sloan's Mot. to Dismiss"), which seeks dismissal of Allen's second appeal, Civil Action No. 18-1442. See Sloan's Mot. to Dismiss at 1. Upon careful consideration of the parties' submissions,[2] the Court concludes for the following reasons that it must grant Sloan's motion to dismiss, and that the Court must also dismiss sua sponte Allen's first appeal, Civil Action No. 18-138.

## I. BACKGROUND

On October 2, 2017, Allen requested that the Bankruptcy Court reconsider the denial of the discharge of his debt. See Motion for Reconsideration of Judgment of Sept. 21, [20]17, Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027 (Bankr. D.D.C. Oct. 2, 2017), ECF No. 79 (the "motion for reconsideration of judgment"). The Bankruptcy Court denied Allen's motion for reconsideration of judgment on January 3, 2018. See Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027, 2018 WL 312238 (Bankr. D.D.C. Jan. 3, 2018). On January 19, 2018, Allen filed his first notice of appeal with the Bankruptcy Court, appealing the Bankruptcy Court's denial of the motion for reconsideration of judgment (the "first appeal"). See Notice of Appeal and Statement of Election, Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027 (Bankr. D.D.C. Jan. 19, 2018), ECF No. 94.

---

[2] In addition to the filings already identified, the Court also considered the following submissions in reaching its decision: (1) the Appellant's Opening Brief, Civ. Action No. 18-138 (D.D.C. Mar. 28, 2018), ECF No. 8 ("Allen's First App. Brief" or "Allen's first appeal brief"), (2) the Appellant's Opening Brief, Civ. Action No. 18-1442 (Jan. 14, 2019), ECF No. 5 ("Allen's Second App. Brief" or "Allen's second appeal brief"); (3) the Brief for Appellee, Civil Action No. 18-1442 (Feb. 13, 2019), ECF No. 6 ("Sloan's App. Brief" or "Sloan's appeal brief"); and (4) the Appellant's Memorandum in Opposition to Appellee's Unconsented Motion to Dismiss, Civil Action No. 18-1442 (Feb. 25, 2019), ECF No. 8 ("Allen's Opp'n").

Allen's first appeal was assigned to this Court.  See Transmittal of Notice of Appeal, Civ. Action No. 18-138 (D.D.C. Jan. 22, 2018), ECF No. 1.

In his first appeal, Allen argues that the "Bankruptcy Court abused its discretion" in denying his motion for reconsideration of judgment.  Allen's First App. Brief at 6.  Specifically, Allen argues that the Bankruptcy Court erred in finding that he "failed to rebut the presumption that, prior to trial, he did not act with due diligence to seek out and present what he demonstrated to be 'new evidence[,]'" id. at 1, and that the Bankruptcy Court "should have considered" the additional evidence he provided with his motion for reconsideration of judgment "in order to prevent manifest injustice[,]" id. at 11.

On March 29, 2018, Allen filed a motion with the Bankruptcy Court to stay the proceedings in his bankruptcy case and also the proceedings in a case brought against him by Sloan in the Superior Court for the District of Columbia (the "motion to stay").  See Motion for Stay Pending Appeal, Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027 (Bankr. D.D.C. Mar. 29, 2018), ECF No. 107.  The Bankruptcy Court denied Allen's motion to stay on April 20, 2018, citing not only Allen's failure to timely file his notice of appeal, but also Allen's failure to timely file a motion to extend the time to file his appeal.  See Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027, 2018 WL 1940142, at *1, *4 (Bankr. D.D.C. Apr. 20, 2018).  Specifically, the Bankruptcy Court opined that Allen's appeal was unlikely to be successful because "[t]h[is] [ ] Court would be required to raise the lack of a timely appeal as a jurisdictional defect requiring dismissal of the appeal." Id. at *1.

On April 27, 2018, Allen filed a motion with the Bankruptcy Court for reconsideration of its denial of Allen's motion to stay (the "motion for reconsideration of stay"), see Motion for Reconsideration of Order Denying Defendant's Motion for Stay Pending Appeal, Sloan v. Allen

(In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027 (Bankr. D.D.C. Apr. 27, 2018), ECF No. 119, which the Bankruptcy Court denied on May 1, 2018, see Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027, 2018 WL 2093327, at *2 (Bankr. D.D.C. May 1, 2018). The Bankruptcy Court again opined that "th[is] [ ] Court will be required to dismiss the appeal for lack of jurisdiction because Allen failed to file a timely notice of appeal[] and failed to file a timely motion to enlarge the time to appeal." Id. at *1.

On May 14, 2018, Allen filed his second notice of appeal with the Bankruptcy Court, this time appealing the Bankruptcy Court's denial of his motion for reconsideration of stay (the "second appeal"). See Notice of Appeal and Statement of Election, Sloan v. Allen (In re Allen), Ch. 7 Case No. 16-23, Adv. No. 16-10027 (Bankr. D.D.C. May 14, 2018), ECF No. 125. Allen's second appeal was also assigned to this Court as related to his first appeal. See Transmittal of Notice of Appeal, Civ. Action No. 18-1442 (D.D.C. June 5, 2018), ECF No. 1. In support of his second appeal, Allen filed a brief that is identical to his first appeal brief. Compare Allen's Second App. Brief, with Allen's First App. Brief. Thereafter, Sloan filed his motion to dismiss Allen's second appeal. See generally Sloan's Mot. to Dismiss. Allen's first appeal regarding his motion for reconsideration of judgment ultimately controls the resolution of his attempt to obtain appellate review and is therefore the primary focus of this Memorandum Opinion.

## II. STANDARD OF REVIEW

28 U.S.C. § 158 governs appeals from the bankruptcy courts to federal district courts. Section 158(a) provides that district courts have jurisdiction over appeals

> (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a) (2018).  Section 158 also provides that "[a]n appeal under subsection[] (a) . . . of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  Id. § 158(c)(2).

Neither 28 U.S.C. § 158 nor Federal Rule of Bankruptcy Procedure 8013, which governs motions filed in bankruptcy appeals, addresses motions to dismiss a bankruptcy appeal.  See 28 U.S.C. § 158; Fed. R. Bankr. P. 8013.  However, the Court, pursuant to 28 U.S.C. § 158(c)(2), acts as an appellate court when reviewing decisions made by the bankruptcy court, see In re St. Charles Pres. Inv'rs, Ltd., 112 B.R. 469, 471 n.2 (D.D.C. 1990); see also Sollins v. 1391 Conn. Ave. Assocs., Civ. No. 95-0657, 1996 WL 61773, at *2 n.5 (D.D.C. Feb. 6, 1996), aff'd sub nom. Ross v. 1301 Conn. Ave. Assocs., 99 F.3d 444 (D.C. Cir. 1996), and therefore must follow the District of Columbia Circuit's practice with respect to motions to dismiss appeals.

Motions to dismiss appeals are construed by the Circuit as motions for summary affirmance.  See, e.g., Solomon v. Sup. Ct. of Fla., No. 03-7002, 2003 WL 1873939, at *1 (D.C. Cir. Apr. 2, 2003).  "A party seeking summary disposition bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified."  Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987).  Thus, to summarily affirm the bankruptcy court's order, the Court "must conclude that no benefit will be gained from further briefing and argument of the issues presented."  Id. at 298.  Further, in reviewing a motion to dismiss an appeal or a motion for summary affirmance, the Court "view[s] the record and the inferences to be drawn therefrom 'in the light most favorable to [the non-moving party].'"  Id. (quoting United States v. Diebold, 369 U.S. 654, 655 (1962)).

5

### III. ANALYSIS

Although the parties' submissions regarding Sloan's motion to dismiss focus primarily on Allen's second appeal regarding his motion for reconsideration of stay, the parties' submissions also address Allen's first appeal regarding his motion for reconsideration of judgment. The Court will therefore address each of Allen's appeals in turn.

#### A.  Allen's First Appeal

Sloan argues that because Allen failed to timely file the notice of appeal of his motion for reconsideration of judgment, this Court lacks jurisdiction to consider the first appeal. See Sloan's Mot. to Dismiss at 3. Allen concedes that he failed to timely file notice of his first appeal, but argues that his first notice of appeal "is not that which is at issue in the current [m]otion to [d]ismiss," Allen's Opp'n at 2, and that dismissal "on the grounds of procedural technicalities" is contrary to "a strong presumption in favor of adjudication on the merits[,]" id. at 2–3.

Federal Rule of Bankruptcy Procedure 8002(a) provides that "a notice of appeal must be filed with the bankruptcy clerk within [fourteen] days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). However, a bankruptcy court may extend the time to file a notice of appeal upon a party's motion. See Fed. R. Bankr. P. 8002(d)(1). A bankruptcy court may extend the fourteen-day deadline if the appellant's motion is filed "within the time prescribed by this rule; or within [twenty-one] days after that time, if the party shows excusable neglect." Id. An appeal within the prescribed time set forth in Rule 8002 is a "mandatory and jurisdictional" requirement. Owens v. Grigsby, 575 B.R. 1, 3 (D.D.C. 2017) (citing Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 264 (1978)); see also Murphy v. U.S. Dep't of Educ., 547 B.R. 875, 880 (Bankr. W.D. Pa. 2016) ("The time to file a bankruptcy

appeal is jurisdictional thus depriving reviewing courts of jurisdiction over an untimely appeal.").

Here, Allen's initial notice of appeal was untimely, as his notice of appeal was not filed within fourteen days of January 3, 2018, the date that the Bankruptcy Court issued its order denying Allen's motion for reconsideration of judgment. In fact, Allen filed his notice of appeal on January 19, 2019, sixteen days after the entry of the Bankruptcy Court's order, instead of filing a motion for an extension to notice his appeal within the thirty-five days afforded to him to do so pursuant to Rule 8002. Because filing a timely notice of appeal is "mandatory and jurisdictional," Owens, 575 B.R. at 3, this Court lacks jurisdiction to review the Bankruptcy Court's denial of Allen's motion for reconsideration of judgment that Allen challenges in his first appeal.

Allen's counterarguments are unavailing. Although Allen contends there is a "strong presumption in favor of adjudication on the merits," the Court may not reach the merits if it lacks jurisdiction. Riley v. Capitol Park II Condo. Ass'n, Civ. No. 18-0605 (PLF), 2019 WL 1432596, at *3 (D.D.C. Mar. 29, 2019) ("[F]ailure to timely file the notice of appeal is fatal because the timely filing of a notice of appeal from decisions of the Bankruptcy Court is a jurisdictional predicate for appellate review."). Moreover, Allen failed to timely file a motion for an extension within the thirty-five days afforded to him to do so pursuant to Rule 8002, and Rule 8002 "'does not allow a party to claim excusable neglect after the time period has expired.'" In re Budd, 589 B.R. 1, 4–5 (D.D.C. 2018) (citing In re Allen, Ch. 7 Case No. 16-23, Adv. No. 16-10027, 2018 WL 1940142 at *3 (Bankr. D.D.C. April 20, 2018)) (declining to consider whether appellant's untimely appeal was excused where "due to court error, [the appellant] did not receive notice that the Bankruptcy Court had denied her motion for reconsideration," but the

appellant failed to file a motion for an extension of time to file a notice of appeal). Therefore, Allen may not claim excusable neglect due to his failure to timely file a motion for an extension within the applicable time period.

Although Sloan has not moved to dismiss Allen's first appeal, "federal courts, being courts of limited jurisdiction, must assure themselves of jurisdiction over any controversy they hear, regardless of the parties' failure to assert any jurisdictional question." Noel Canning v. Nat'l Labor Relations Bd., 705 F.3d 490, 496 (D.C. Cir. 2013). Accordingly, "subject matter jurisdiction may be raised at any time, even by the court sua sponte." Jerez v. Republic of Cuba, 777 F. Supp. 2d 6, 15 (D.D.C. 2011) (citations omitted); see also Evans v. Suter, No. 09–5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (holding that the district court properly dismissed complaint sua sponte where "it [was] evident that the court lack[ed] subject-matter jurisdiction"); Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("Similarly, a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."). The Court therefore concludes that because it lacks jurisdiction over Allen's first appeal, this appeal must be dismissed sua sponte.

**B.     Allen's Second Appeal**

Sloan moves to dismiss Allen's second appeal, which relates to Allen's motion for reconsideration of stay, based on Allen's failure to timely file his first notice of appeal. See Sloan's Mot. to Dismiss at 3–6. Allen responds that his first notice of appeal "is not that which is at issue in the current [m]otion to [d]ismiss," and that his timely second of notice of appeal defeats Sloan's motion to dismiss. See Allen's Opp'n at 2. However, Sloan asserts that Allen's second appeal brief "was identical to [the] brief previously filed in [Allen's first appeal,]"

8

Sloan's Mot. to Dismiss at 6, and failed to present any "different argument or issue" beyond what was already addressed in Allen's first appeal brief, id. at 2.[3]

The Court must dismiss Allen's second appeal because it improperly attempts to circumvent Rule 8002(a)'s timeliness requirement by addressing the merits of his untimely filed first appeal, as opposed to addressing the merits of the second appeal. Allen is correct that his second notice of appeal was timely filed, since he filed his second notice of appeal on May 14, 2018, within fourteen days after the Bankruptcy Court issued its order denying Allen's motion for reconsideration of stay on May 1, 2018. However, regardless of whether Allen timely filed his second notice of appeal, this appeal must be dismissed because Allen fails to address the merits of the Bankruptcy Court's order that he is appealing. Allen's second appeal neither challenges nor purports to challenge his second motion for reconsideration, which concerns the Bankruptcy Court's denial of a stay. Instead, Allen challenges the exact same issue that he challenged in his first appeal—the Bankruptcy Court's initial denial of his first motion for reconsideration, which directly concerns the discharge of his debts. In fact, in support of his second appeal, Allen submitted a brief that is identical to his first appeal brief.

This Court lacks jurisdiction to consider Allen's arguments in support of his second appeal, which improperly "attempt[s] to challenge" the Bankruptcy Court's original order. See Owens v. Grisby, 575 B.R. 1, 2, 4 (D.D.C. 2017) (dismissing the appellant's timely second appeal "to the extent it challenge[d] the bankruptcy court's original dismissal order," where the original dismissal order was based on the appellant's untimely initial notice of appeal). This

---

[3] Sloan also argues that Allen's second appeal should be dismissed because he failed to timely file his second appeal brief. See Sloan's Mot. to Dismiss at 6. Allen does not dispute that his second appeal brief was not filed timely, as Allen filed this brief on January 14, 2019, nearly six months later than directed to do so by the Court. See Allen's Opp'n at 2; see generally Allen's Second App. Brief. However, in light of the Court's determination that Allen's second appeal must be dismissed on the grounds that it inappropriately addresses the merits of his untimely filed first appeal, the Court need not address Sloan's arguments regarding the timeliness of Allen's second appeal brief.

9

Court cannot condone Allen's attempt to circumvent the underlying timeliness deficiency of his initial appeal by filing a subsequent motion for reconsideration that affords him the opportunity to timely file his appeal. See Yelverton v. Homes at Potomac Greens Assocs., Ltd. P'ship, No. 11-cv-314 (RLW), 2011 WL 1211594, at *2 (D.D.C. Mar. 31, 2011), aff'd sub nom. In re Yelverton, 511 F. App'x 2 (D.C. Cir. 2013) (dismissing a bankruptcy appeal where the appellant failed to timely file its initial notice of appeal, and where the appellant's subsequent motion for reconsideration, seeking reconsideration of orders denying prior motions for reconsideration, did "not toll or otherwise extend the time to perfect an appeal").

Even "view[ing] the record and the inferences to be drawn therefrom 'in the light most favorable to [the non-moving party],'" Taxpayers Watchdog, Inc., 819 F.2d at 298 (quoting Diebold, 369 U.S. at 655), the Court concludes that it lacks jurisdiction to consider the merits of Allen's appellate brief, and therefore "no benefit will be gained from further briefing and argument of the issues presented," id. at 298. Although timely, Allen's second appeal seeks the Court's unauthorized review of the Bankruptcy Court's original order. Accordingly, the Court must grant Sloan's motion to dismiss Allen's second appeal regarding his motion for reconsideration of stay.[4]

---

[4] Sloan also asks the Court to determine if Allen's filing constitutes a frivolous appeal pursuant to Federal Rule of Bankruptcy Procedure 8020, and if sanctions are therefore warranted. See Sloan's Mot. at 6–7. While this Court finds Allen's appeals to be ultimately unsuccessful, the complexity of this opinion reveals that Allen's "arguments are not 'so utterly lacking in merit as to render this appeal sanctionable as frivolous.'" Advantage Healthplan, Inc. v. Potter, 391 B.R. 521, 555 n.19 (D.D.C. 2008) (quoting In re Solomat Partners, L.P., 231 B.R. 149, 157 (2d Cir. BAP 1999), aff'd sub nom. Greater Se. Cmty. Hosp. Found., Inc. v. Potter, 586 F.3d 1 (D.C. Cir. 2009)); see also In re Gavin, 319 B.R. 27, 34 (B.A.P. 1st Cir. 2004) ("While there is no formula for determining whether an appeal is frivolous, . . . an appellate court may consider whether the appellant's argument addresses the issues on appeal, fails to cite any authority, cites inapplicable authority, makes unsubstantiated factual assertions, asserts bare legal conclusions, or misrepresents the record."). Accordingly, the Court, in an exercise of its discretion, finds that Allen's appeal is not so frivolous as to warrant the imposition of sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must sua sponte dismiss Allen's first appeal regarding his motion for reconsideration of judgment. The Court further concludes that it must grant Sloan's motion to dismiss Allen's second appeal regarding his motion for reconsideration of stay.

**SO ORDERED** this 26th day of November, 2019.[5]

REGGIE B. WALTON<br>United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.